*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAURIAN AMUNGA,

        Plaintiff-Appellee,

v

DUSTIN MORRELL,

        Defendant,

and

TINA S. GRAY and TINA S. GRAY, P.C.,

        Appellants.

UNPUBLISHED
March 13, 2026
1:17 PM

No. 373579
Eaton Circuit Court
LC No. 24-000244-CB

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Appellants, Tina S. Gray and Tina S. Gray, P.C., appeal as of right the prejudgment order granting the request for sanctions filed by plaintiff, Taurian Amunga. Appellants represented defendant, Dustin Morrell, in the underlying lawsuit. After plaintiff filed his complaint, appellants, on behalf of defendant, filed a motion for summary disposition in lieu of an answer. After that motion was denied, appellants, on behalf of defendant, filed a second motion for summary disposition in lieu of an answer. After that motion, too, was denied, plaintiff moved for sanctions, and the trial court granted the request, making the sanctions award joint and several between defendant and appellants. On the same day that the trial court awarded sanctions, it granted appellants' request to withdraw as defendant's counsel. While plaintiff's case against defendant continued, appellants filed this appeal as of right. This was improper, so we dismiss this appeal because we lack jurisdiction over it.

In appellants' statement of jurisdiction, they claim that this Court has jurisdiction over this appeal as of right under MCR 7.203(A)(1). That rule provides that this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the

-1-

circuit court, or court of claims, as defined in MCR 7.202(6)[.]" That rule, in turn, provides in relevant part:

> (6) "final judgment" or "final order" means:
>
> (a) In a civil case,
>
> (i) the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order;
>
> * * *
>
> (iv) a postjudgment order awarding or denying attorney fees and costs under court rule or other law[.] [MCR 7.202(6)(a).]

Appellants contend that jurisdiction is proper under MCR 7.203(A)(1) because the order granting plaintiff's request for sanctions was final "as to counsel." But a "final order" under MCR 7.202(6)(a)(i) must dispose "of all the claims . . . of all the parties," and the order granting plaintiff's request for sanction did not dispose of plaintiff's claims against defendant. It follows that, regardless of whether that order was final "as to counsel," it was not a final order under MCR 7.202(6)(a)(i). The order granting plaintiff's request for sanctions is also not a "final order" under MCR 7.202(6)(a)(iv) because it is a prejudgment order, and MCR 7.202(6)(a)(iv) concerns postjudgment orders. Appellants therefore improperly filed this appeal as an appeal as of right instead of filing an application for leave to appeal.

While we could exercise our discretion to treat plaintiff's claim of appeal as an application for leave to appeal, grant the application, and reach the merits, see e.g., *Royce v Laporte*, 501 Mich 1025, 1025 (2018), we decline to do so. Appellants' failure to file the proper type of appeal is a continuation of appellants' conduct that led to this appeal in the first place. The trial court sanctioned appellants under MCL 600.2591 for taking legal positions devoid of arguable legal merit, and the first thing appellants do in this Court is file the incorrect type of appeal in direct contravention of our court rules. While there are times when mistakes like this are understandable, this is not one of them—it is patently obvious that the order granting plaintiff's request for sanctions was not a final order under the court rules, so it was not appealable as of right. Under these circumstances, we decline to exercise our discretion to hear this improperly filed appeal.

Appellants' appeal is dismissed due to lack of jurisdiction. Plaintiff may tax costs under MCR 7.219.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young